UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AIR BARRIER ASSOCIATION OF AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 16-12476 |
| v. | ) ) ) | |
| FIX AMERICA, LLC; GEORGE W. DRUYOS; TIMOTHY M. MADDEN; BEN HEBEL, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **COMPLAINT**

Plaintiff Air Barrier Association of America, Inc. ("ABAA"), alleges as follows:

### **Nature of the Action**

1.    This is an action for willful violation of ABAA's intellectual property rights in its

trademarks, arising out of Defendants' unauthorized use of ABAA's registered

certification trademarks and breach of contract.

### **Jurisdiction and Venue**

2.    This action arises under the trademark laws of the United States, 15 U.S.C. § 1051

*et seq.* and the laws of the Commonwealth of Massachusetts.

3.    This Court has subject matter jurisdiction over ABAA's Lanham Act claims as

federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 (a) and (b),

and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The Court has

pendent jurisdiction over the Massachusetts state claims under 28 U.S.C.

§ 1338(b).

4.     This Court has personal jurisdiction over Defendants in this district because upon

information and belief, Defendants transact substantial and continuing business

within this district.  In addition, Defendants have contractually agreed to resolve

any disputes in this jurisdiction.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## The Parties

6.     Plaintiff ABAA is a Massachusetts non-profit corporation that serves as an air

barrier industry association that seeks to raise the standard of proficiency in the

industry through its quality assurance programs, among other things.  Its principal

place of business is in Walpole, Massachusetts.

7.     On information and belief, Defendant Fix America, LLC is a South Carolina

corporation that applies spray foam insulation and installs air barrier and

waterproofing systems.  Its principal place of business is in Charleston, South

Carolina.

8.     On information and belief, Defendant George W. Druyos is a South Carolina

resident residing in the Charleston, SC area; he is the President, a partner, and

founder of Defendant Fix America, LLC.

9.      On information and belief, Defendant Timothy M. Madden is a South Carolina

resident residing in the Summerville, SC area; he is an employee of Defendant Fix

America, LLC.

10.     On information and belief, Defendant Ben Hebel is a South Carolina resident

residing in the Charleston, SC area; he is an employee of Defendant Fix America,

LLC.

### ABAA's Intellectual Property Rights

11.     ABAA is the owner of protectable interests in several registered United States

service marks and trademarks, as well as certification trademarks, including:

a.      AIR BARRIER ABAA ASSOCIATION OF AMERICA®, U.S.

Registration No. 4,239,351 for "Trade association services, namely,

promoting the interests of air barrier systems professionals; and political

advocacy services at all levels of government promoting the awareness of

issues relating to air barrier systems and professionals in the air barrier

systems industry"; "Educational services, namely, conducting classes and

seminars in the field of air barrier systems technology, installation and

manufacture"; among other things.

b.      AIR BARRIER ABAA ASSOCIATION OF AMERICA®, U.S.

Registration No. 4,495,086 for "Electronic publications in the nature of

books, magazines, manuals, textbooks, workbooks, glossaries,

photographic images, charts, diagrams, tables, illustrations and graphics in

the field of air barrier systems that are downloadable from the Internet";
and "Print publications, namely, books and magazines in the field of air
barrier systems."

c.   AIR BARRIER ASSOCIATION OF AMERICA ABAA EVALUATED®,
U.S. Registration No. 4,335,209, a certification mark in connection with
"moisture and air barrier fabrics for buildings."

d.   AIR BARRIER ASSOCIATION OF AMERICA ABAA CERTIFIED®,
U.S. Registration No. 4,354,304, a certification mark in connection with
"installation of moisture and air barrier fabrics for buildings."

e.   AIR BARRIER ASSOCIATION OF AMERICA ABAA ACCREDITED®,
U.S. Registration No. 4,206,480, a certification mark in connection with
"installation of moisture and air barrier fabrics for buildings."

f.   The above marks shall hereinafter be referred to as the "ABAA Marks."
The above certification marks shall hereinafter be referred to as the "ABAA
Certification Marks."

12.   ABAA's federal trademark registrations were duly and legally issued, are valid
and subsisting, and constitute prima facie evidence of ABAA's exclusive
ownership of the ABAA Marks.  The ABAA Marks are also protected through
common law usage.

13.   Among other things, ABAA provides training and certification for air barrier
contractors and installers.  Persons who have sought and obtained ABAA

4

certification must enter into an agreement with ABAA, an agreement that contains licensing terms for the ABAA Marks.

### **Defendants' Willful Infringement**

14.    On or around January 29, 2013, ABAA and Defendant George W. Druyos entered into an agreement (hereinafter "Druyos Installer License").  This agreement outlined the requirements for licensed use of the ABAA Certification Marks, as well as payment requirements.  A true and correct copy of this Druyos Installer License is attached as **Exhibit A**.

15.    On or around March 15, 2013, ABAA and Defendant Fix America, LLC entered into an agreement (hereinafter "Contractor License").  This agreement outlined the requirements for licensed use of the ABAA Certification Marks, as well as payment requirements.  A true and correct copy of this Contractor License is attached as **Exhibit B**.

16.    On or around October 30, 2013, ABAA and Defendant Ben Hebel entered into an agreement (hereinafter "Hebel Installer License").  This agreement outlined the requirements for licensed use of the ABAA Certification Marks, as well as payment requirements.  A true and correct copy of this Hebel Installer License is attached as **Exhibit C**.

17.    On or around March 23, 2015, ABAA and Defendant Timothy M. Madden entered into an agreement (hereinafter "Madden Installer License").  This agreement outlined the requirements for licensed use of the ABAA Certification Marks, as

well as payment requirements.  A true and correct copy of this Madden Installer

License is attached as **Exhibit D**.

18.    Sometime on or around May 2015, Defendants' accounts became delinquent.

ABAA agreed to a more lenient payment plan for Defendants, but Defendants still

failed to make payments on time.

19.    On or around January 20, 2016, ABAA informed Defendants that Defendants

would not be considered members nor licensed by the ABAA in 2016 unless

ABAA received immediate payment of all overdue amounts.  To this day,

Defendants still have not paid overdue amounts.

20.    Despite notice from the ABAA, Defendants continued to use and infringe upon the

ABAA Certification Marks, as well as the ABAA Marks in general.

21.    On April 22, 2016, ABAA sent Defendants another letter forwarding the overdue

invoices.

22.    On October 25, 2016, ABAA sent Defendants a cease-and-desist letter, informing

Defendants that they must stop using the ABAA Marks and misrepresenting that

they are certified, accredited, or licensed.  Defendants did not respond, but have

continued to use the ABAA Marks without authorization from ABAA.

23.    Given the numerous notices from ABAA, Defendants know that their continued

used of the ABAA Marks constitute infringement, and yet they knowingly

continue such infringement.

## Count I:  Trademark Infringement (15 U.S.C. § 1114)

24.   ABAA repeats and realleges the allegations contained in the paragraphs above as if full set forth herein.

25.   This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

26.   Defendants have used the ABAA Marks to advertise and sell Defendants' services and goods in violation of ABAA's rights in its registered marks.

27.   Defendants' use of the ABAA Marks is likely to cause confusion, mistake, and to deceive consumers.

28.   Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade off ABAA's goodwill.

29.   Defendants have acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of ABAA.

30.   By reason of the foregoing acts of trademark infringement, ABAA has been injured in an amount to be proven at trial.

31.   Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of ABAA's goodwill.

32.   In addition, as a result of Defendants' acts of infringement, ABAA has suffered and will continue to suffer irreparable harm for which ABAA has no adequate remedy at law, including damage to ABAA's goodwill.  Unless this Court enjoins

Defendants' acts of infringement, ABAA will continue to suffer an irreparable

harm.

33.    Defendants' actions have been knowing, intentional, wanton, and willful.  The

principles of equity warrant an award to ABAA of treble damages and profits,

attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### Count II:  False Designation of Origin (15 U.S.C. § 1125(a))

34.    ABAA repeats and realleges the allegations contained in the paragraphs above as

if full set forth herein.

35.    Defendants' use of the ABAA Marks in interstate commerce without ABAA's

consent, is a false designation of origin causing a likelihood of confusion, mistake,

and deception as to source, sponsorship, affiliation, and/or connection in the minds

of the public.  Defendants' conduct has infringed ABAA's common law trademark

rights in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

36.    By reason of the foregoing, ABAA has been injured in an amount to be proven at

trial.

37.    Further, Defendants have been unjustly enriched by virtue of their deception of

consumers and misappropriation of ABAA's goodwill.

38.    In addition, as a result of Defendants' acts of infringement, ABAA has suffered

and will continue to suffer irreparable harm for which ABAA has no adequate

remedy at law, including damage to ABAA's goodwill.  Unless this Court enjoins

Defendants' acts of infringement, ABAA will continue to suffer irreparable harm.

39.    Defendants' actions have been knowing, intentional, wanton, and willful.  The

principles of equity warrant an award to ABAA of treble damages and profits,

attorneys' fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### Count III:  Breach of Contractor License

40.    ABAA repeats and realleges the allegations contained in the paragraphs above as

if full set forth herein.

41.    This claim is for breach of contract under the common law of the Commonwealth

of Massachusetts.

42.    ABAA and Defendant Fix America, LLC entered into the Contractor License.

43.    ABAA has fully performed under the Contractor License.

44.    Defendant Fix America, LLC has breached the Contractor License in that it has

failed to pay the required fees, and used the ABAA Certification Marks outside the

allowable scope.

45.    Defendant Fix America, LLC's breaches have resulted in injury to ABAA,

including without limitation lost fees.

46.    In addition, as a result of Defendant Fix America, LLC's use of the ABAA Marks,

ABAA has suffered and will continue to suffer irreparable harm for which ABAA

has no adequate remedy at law, including damage to ABAA's goodwill.  Unless

this Court enjoins Defendant Fix America, LLC's use of the ABAA Marks,

ABAA will continue to suffer an irreparable harm.

## Count IV:  Breach of Druyos Installer License

47.   ABAA repeats and realleges the allegations contained in the paragraphs above as if full set forth herein.

48.   This claim is for breach of contract under the common law of the Commonwealth of Massachusetts.

49.   ABAA and Defendant George W. Druyos entered into the Druyos Installer License.

50.   ABAA has fully performed under the Druyos Installer License.

51.   Defendant George W. Druyos has breached the Druyos Installer License in that it has failed to pay the required fees, and used the ABAA Certification Marks outside the allowable scope.

52.   Defendant George W. Druyos's breaches have resulted in injury to ABAA, including without limitation lost fees.

53.   In addition, as a result of Defendant George W. Druyos's use of the ABAA Marks, ABAA has suffered and will continue to suffer irreparable harm for which ABAA has no adequate remedy at law, including damage to ABAA's goodwill.  Unless this Court enjoins Defendant George W. Druyos's use of the ABAA Marks, ABAA will continue to suffer an irreparable harm.

## Count IV:  Breach of Hebel Installer License

54.   ABAA repeats and realleges the allegations contained in the paragraphs above as if full set forth herein.

55.     This claim is for breach of contract under the common law of the Commonwealth of Massachusetts.

56.     ABAA and Defendant Ben Hebel entered into the Hebel Installer License.

57.     ABAA has fully performed under the Hebel Installer License.

58.     Defendant Ben Hebel has breached the Hebel Installer License in that it has failed to pay the required fees, and used the ABAA Certification Marks outside the allowable scope.

59.     Defendant Ben Hebel's breaches have resulted in injury to ABAA, including without limitation lost fees.

60.     In addition, as a result of Defendant Ben Hebel's use of the ABAA Marks, ABAA has suffered and will continue to suffer irreparable harm for which ABAA has no adequate remedy at law, including damage to ABAA's goodwill.  Unless this Court enjoins Defendant Ben Hebel's use of the ABAA Marks, ABAA will continue to suffer an irreparable harm.

## Count IV:  Breach of Madden Installer License

61.     ABAA repeats and realleges the allegations contained in the paragraphs above as if full set forth herein.

62.     This claim is for breach of contract under the common law of the Commonwealth of Massachusetts.

63.     ABAA and Defendant Timothy M. Madden entered into the Madden Installer License.

64.    ABAA has fully performed under the Madden Installer License.

65.    Defendant Timothy M. Madden has breached the Madden Installer License in that

it has failed to pay the required fees, and used the ABAA Certification Marks

outside the allowable scope.

66.    Defendant Timothy M. Madden's breaches have resulted in injury to ABAA,

including without limitation lost fees.

67.    In addition, as a result of Defendant Timothy M. Madden's use of the ABAA

Marks, ABAA has suffered and will continue to suffer irreparable harm for which

ABAA has no adequate remedy at law, including damage to ABAA's goodwill.

Unless this Court enjoins Defendant Timothy M. Madden's use of the ABAA

Marks, ABAA will continue to suffer an irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, ABAA demands judgment as follows:

a.    Judgment in ABAA's favor on all claims herein;

b.    Preliminary and permanent injunctions preventing Defendants from

continued infringement of ABAA's intellectual property rights, including

infringement of the ABAA Marks;

c.    An accounting of profits and damages resulting from Defendants'

trademark infringement and false designation of origin, and trebling of such

damages under the trademark laws where available because of the knowing,

intentional, willful, and wanton nature of Defendants' conduct;

12

d.    An award to ABAA of (i) an amount equal to the actual damages suffered by ABAA as of result of Defendants' infringing conduct; (ii) an amount equal to the profits earned by Defendants as a result of its infringement; (iii) an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement; (iv) pre-judgment interest; (v) an amount equal to ABAA's reasonable attorneys' fees, as an "exceptional" case under 15 U.S.C. § 1117;

e.    An award of interest and costs; and

f.    Such other and further relief as the Court deems proper.

/ / /

/ / /

/ / /

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, ABAA hereby demands its right to a jury trial on all issues triable to a jury.

Respectfully submitted,

Dated:  December 6, 2016

s/Jay Gregory
Jay Gregory (BBO 546708)
**GORDON & REES LLP**
21 Custom House Street, 5th Floor
Boston, Massachusetts 02110
Phone: (857) 263-2000
Fax: (857) 264-2836
jgregory@gordonrees.com

Yuo-Fong C. Amato, *pro hac vice pending*
(CA SBN:  261453)
**GORDON & REES LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101
Phone:  (619) 696-6700
Fax:  (619) 696-7124
bamato@gordonrees.com

Attorneys for Plaintiff
Air Barrier Association of America, Inc.